[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 31, 2008
THOMAS K. KAHN
CLERK

No. 07-12777
Non-Argument Calendar

_____

D. C. Docket Nos. 07-20035-CV-UUB
03-20593 CR-UUB

HUGH JAMAL PAYNE,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 31, 2008)**

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

A Southern District of Florida jury convicted petitioner of three counts of a five-count indictment: Count Two, conspiring in violation of the Hobbes Act, 18 U.S.C. § 1951(a), to acquire cocaine via a robbery of persons engaged in narcotics trafficking; Count Three, conspiring to use a firearm in a drug trafficking crime, in violation of 18 U.S.C. § 924(o); and Count Five, using and carrying a firearm in a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). The district court sentenced petitioner to consecutive 46-months' prison terms on Counts Two and Three, and a consecutive 60 months' prison term on Count Five.

On August 29, 2005, we affirmed petitioner's convictions and sentences in United States v. Payne, No. 04-15239. Petitioner thereafter moved the district court pursuant to 28 U.S.C. § 2255 to vacate his convictions and sentences. The district court denied relief, and we issued a certificate of appealability on one issue:

> Whether the district court erred in denying [petitioner's] claim that counsel was ineffective for failing to argue at sentencing that U.S.S.G. § 2X1.1 applied to [his] two conspiracy convictions.

A convicted defendant claiming ineffective assistance of counsel must establish both prongs of the two-prong standard established by Strickland v. Washington: professional error on counsel's part and prejudice to the outcome of the criminal proceeding. 466 U.S. 668, 687, 697, 104 S.Ct. 2052, 2064, 2069 (1984). As for the first prong, "the defendant must show that counsel's

2

representation fell below an objective standard of reasonableness." Id. at 687-88, 104 S.Ct. at 2064. In assessing counsel's representation, we must be mindful that "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690, 104 S.Ct. at 2066. The second prong requires the defendant to establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S.Ct. at 2068.

To calculate a defendant's base offense level for offenses involving a conspiracy, the Sentencing Guidelines instruct the district court to refer to the guideline provision for the substantive offense, as provided in the statutory index, along with U.S.S.G. § 2X1.1. See U.S.S.G. § 1B1.2(a).[1] When a conspiracy is not covered by a specific guideline provision, § 2X1.1(a) calls for the application of "[t]he base offense level for the substantive offense, plus any adjustments from such guideline for any offense conduct that can be established with reasonable certainty." U.S.S.G. § 2X1.1(a). Moreover, § 2X1.1(b)(2) also provides for a three-level downward adjustment of the offense level for a conspiracy not covered by a specific guideline section:

[U]nless the defendant or a co-conspirator completed all the acts the

---

[1] All citations are to the 2003 version of the Guidelines, which were in effect at the time of petitioner's sentencing.

3

> conspirators believed necessary on their part for the successful completion of the substantive offense or the circumstances demonstrate that the conspirators were about to complete all such acts but for apprehension or interruption by some similar event beyond their control.

U.S.S.G. 2X1.1(b)(2). However, § 2X1.1(c)(1) instructs that "when a . . . conspiracy is expressly covered by another offense guideline section, apply that guideline section." U.S.S.G. § 2X1.1(c)(1). The application notes list the "[o]ffense guidelines that expressly cover conspiracies . . . ." Id., cmt. (n.1).

Here, the district court erroneously found that § 2X1.1 did not apply to petitioner's convictions on Counts Two and Three. The record clearly demonstrates that assuming counsel was aware of the error, his failure to argue for a downward adjustment under § 2X1.1(b)(2) did not constitute ineffective assistance. But for their arrest, petitioner and his codefendants "were about to complete" all the acts they "believed necessary on their part for the successful completion of the [robbery] . . . ." U.S.S.G. § 2X1.1(b)(2). Given this fact, the three-level downward adjustment was not available.

In sum, not only did petitioner fail to demonstrate that counsel's assistance was ineffective, he failed to establish that Strickland prejudice – a reasonable probability that he would have received lesser sentences on Counts Two and Three.

AFFIRMED.

4